(C.D. 3092)

N. ERLANGER BLUMGART & CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided August 23, 1967)

*Siegel, Mandell & Davidson* (*David Serko* and *Allan Kamnitz* of counsel) for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General (*James S. O'Kelly* and *Sheila N. Ziff*, trial attorneys), for the defendant.

Before RAO and FORD, Judges

RAO, Chief Judge: The merchandise involved in the above-enumerated protests consists of cotton suede cloth which was classified as colored cotton cloth, woven with eight or more harnesses, pursuant to the provisions of paragraph 904(c) and paragraph 904(d) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and, accordingly, assessed with duty at the rate of 18¼ per centum ad valorem or at the rate of 18 per centum ad valorem.

The claim of the plaintiff in the protests is that said merchandise should be properly classified as waterproof cloth, wholly or in chief value of cotton, under the provisions of paragraph 907 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and supplemented by Presidential proclamation, 92 Treas. Dec. 175, T.D. 54399, and dutiable at the rate of 11 per centum ad valorem.

This case was tried, at which time extensive testimony was introduced regarding the use of this cloth in the manufacture of various water-repellent articles of clothing and the issue of whether certain samples which were introduced in evidence were representative of the imported cloth.

After the introduction into evidence of the United States Customs Laboratory Report No. G–13817/8 as plaintiff's exhibit 17, which

report indicated that samples of the importation had passed the so-called "Cup Test," the parties entered into a stipulation of fact which reads as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the parties, subject to the approval of the Court:

1–That Exhibits 1 and 2 are, in fact, cloths of a kind generally used in the manufacture of articles which are designed to afford protection against water to the extent expected in raincoats, protective sheeting, dress shields, umbrellas, and similar articles.

2–That Exhibits 1 and 2 are, in fact, representative in all material respects of Qualities 425 and 430 on the invoices before the Court.

3–That said qualities before importation are, in fact, subjected to a waterproofing process which enabled them to withstand water penetration for 24 hours, as found by the United States Customs Laboratory, Exhibit 17.

4–That both parties be relieved from filing briefs in this matter.

It is the opinion of the court that the facts stipulated are in accordance with those brought out in the extensive testimony and come within the scope of the principles of the case of *Amity Fabrics, Inc.* v. *United States*, 51 Cust. Ct. 97, C.D. 2416, in which certain cotton velveteen was held to be waterproof cloth, within the provisions of said paragraph 907, as modified and supplemented, *supra*.

Upon the agreed statement of facts and the cited authority, we hold the merchandise here in question to be dutiable at the rate of 11 per centum ad valorem, as provided in said paragraph 907, as modified by said General Agreement on Tariffs and Trade, and supplemented by said Presidential proclamation, as waterproof cloth, wholly or in chief value of cotton. To the extent indicated, the specified claim in the protests is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.